**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Shernette Walford and Tamar Williams, Defendants,

of whom Shernette Walford is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2026-000475

———————————

Appeal From Greenville County
Rochelle Y. Conits, Family Court Judge

———————————

Unpublished Opinion No. 2026-UP-411
Submitted August 11, 2026 – Filed August 14, 2026

———————————

**AFFIRMED**

———————————

Matthew P. Head, of Head Law Firm, LLC, of Greenville, for Appellant.

Justin David Mihalic, of Ariail Law Firm, LLC, of Greenville, as the Guardian ad Litem for Appellant.

Rebecca Rush Wray, of the South Carolina Department of Social Services, of Greenville, for Respondent.

Don J. Stevenson, of Don J. Stevenson, Attorney at Law, of Greenville, for the Guardian ad Litem for the minor children.

---

**PER CURIAM:** Shernette Walford appeals the family court's final order that found she physically neglected her three minor children (Children), granted the Department of Social Services legal and physical custody of Children, ordered her to complete a placement plan, and approved a permanent plan of reunification. *See* S.C. Code Ann. § 63-7-1660(E) (2010) (setting forth findings a family court must make when removing children from the custody of their parents); S.C. Code Ann. § 63-7-20(6)(a) (Supp. 2025) (explaining "child abuse or neglect" or "harm" occurs when a parent "engages in acts or omissions which present a substantial risk of physical or mental injury to the child"); S.C. Code Ann. § 63-7-1700(C) (Supp. 2025) ("At the permanency planning hearing, the court shall approve a plan for achieving permanence for the child."). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987), we find no meritorious issues warrant briefing.[1] Accordingly, we affirm the family court's ruling and relieve Walford's counsel.

**AFFIRMED.**[2]

**WILLIAMS, C.J., and MCDONALD and TURNER, JJ., concur.**

---

[1] *See S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated February 2, 2005 (expanding the *Cauthen* procedure to situations in which "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.